Filed 2/6/23  P. v. Lopez CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>CESAR LOPEZ,<br><br>      Defendant and Appellant. | A165488<br><br>(San Francisco County Super. Ct. No. SCN219514)<br><br>**ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT]** |

**BY THE COURT:**

It is ordered that the opinion filed herein on January 27, 2023, be modified as follows:

In the caption on page one, and on line two of the same page, the name Jose Lopez is corrected to read Cesar Lopez.  There is no change in judgment.

Dated: _____

Stewart, P.J.

1

Filed 1/27/23  P. v. Lopez CA1/2 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>JOSE LOPEZ,<br><br>        Defendant and Appellant. | A165488<br><br>(San Francisco County Super. Ct.<br> No. SCN219514) |

In this third appeal since his 2013 jury conviction for felony stalking (Pen. Code, § 646.9, subd. (a)),[1] Jose Lopez argues that recent amendments by the Legislature to section 1473.7 require that his conviction be vacated.  In a nutshell, section 1473.7 permits a defendant who pleads guilty to, or is convicted of, a crime with adverse immigration consequences to move to set aside the conviction if he or she did not understand those consequences because they received bad advice (or no advice at all).

The first time Lopez raised section 1473.7, we disagreed with him in an unpublished opinion, *People v. Lopez* (Sept. 21, 2021, A159355).  The evidence showed the People never offered Lopez a plea, let alone an "immigration safe" plea.  Lopez did not accept, or even have to consider, a plea deal unaware of

---

        [1] All further statutory references are to the Penal Code unless otherwise indicated.

1

the immigration consequences.  He did not suffer prejudice based on his alleged lack of understanding the immigration consequences of a potential plea.

Lopez now returns to argue that the Legislature's recent amendment to section 1473.7, which took effect in January 2022, requires that we reach a different result.  (Stats. 2021, ch. 420, § 1.)  Lopez is wrong and section 1473.7 is still not available to him.  Lopez also appeals the trial court's decision denying his "motion to dismiss under section 1001.36."  Section 1001.36 implements pretrial diversion in cases involving mental health concerns.  Pretrial diversion was not available to Lopez and section 1001.36 does not provide any basis to dismiss his conviction.

Lopez's appointed appellate counsel filed a brief raising no issues, as permitted by *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  Lopez submitted a supplemental brief in pro. per., arguing that the trial court erred in denying his motions.

Lopez specifically contends that (1) section 1473.7, as amended, entitles him to relief; (2) his absence at the hearing on the motion—due to his belief that it started at a different time—deprived him of his statutory right to a hearing on the merits; and (3) the court was "biased" by its denial of his first section 1473.7 motion and misunderstood his second motion, which "incorporated new claims, clarified and reinforced old claims and introduced supporting case law and evidence that was not properly presented or available earlier."  We disagree and affirm.

## BACKGROUND

Lopez was charged with felony stalking in 2013.  In summary, Lopez had a years-long obsession with the victim, who was approximately 10 years younger than Lopez and a minor when they met.  Lopez built a stone

2

labyrinth in her image and relentlessly sent communications to the victim despite her repeated efforts to stop him and even after police intervention. After pleading not guilty, a jury convicted Lopez as charged. The court suspended imposition of sentence and granted probation for five years. Lopez appealed, arguing there was insufficient evidence to support the conviction. We affirmed in *People v. Lopez* (2015) 240 Cal.App.4th 436.

In 2019, after completing his five-year probation term, Lopez filed a motion to vacate his conviction pursuant to former section 1473.7. Former section 1473.7 allowed a person "no longer imprisoned or restrained" to argue that a conviction was legally invalid "due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty, or nolo contendere." (Former § 1473.7, subd. (a)(1).) Lopez claimed, among other things, that his trial counsel had failed to barter for an immigration-safe alternative plea to section 653m (making annoying telephone calls). The trial court denied the motion. Lopez filed his second appeal.

We affirmed the ruling in *People v. Lopez, supra,* A159355. We explained it was unnecessary to decide whether there are circumstances under which former section 1473.7 could apply to a defendant convicted after pleading not guilty because those circumstances were not present in this case. Declarations from prosecutors and representations made by Lopez's trial counsel to the court showed there had been discussion of a possible misdemeanor stalking plea, not a section 653m plea. Ultimately, prosecutors never offered the plea and, at the time, it would have been an immigration *unsafe* plea.

The Legislature amended section 1473.7 in late 2021 and the amendment became effective in January 2022. (Stats. 2021, ch. 420, § 1.) It now provides, in relevant part: "A person who is no longer in criminal custody may file a motion to vacate a conviction or sentence" where "[t]he conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence. A finding of legal invalidity may, but need not, include a finding of ineffective assistance of counsel." (§ 1473.7, subd. (a)(1).) The moving part must establish entitlement to relief by a preponderance of the evidence. (*Id.*, subd. (e)(1).)

Lopez filed a second section 1473.7 motion in March 2022. He simultaneously filed a motion to dismiss pursuant to section 1001.36, which provides for the dismissal of criminal charges following satisfactory performance in a pretrial mental health diversion program. The motions were noticed for April 20, 2022 at 9:00 a.m. The matter was called at 9:35 a.m. that day. Lopez was not present. Lopez later said he thought the hearing would be at 10:30 a.m. because that had been the time of the hearing on his first section 1473.7 motion back in 2019.

The trial court stated that it had reviewed the extensive briefing and was prepared to rule on the matter without oral argument. It explained that, while the amendment to section 1473.7 now permitted a defendant convicted after jury trial to make such a motion, there was no basis to vacate the conviction under section 1473.7 because the record established that Lopez was never offered an immigration safe plea. The court denied the motion with prejudice, stating that it had "been heard too many times with the same

4

set of facts." The trial court also concluded there was no basis to hear the motion to dismiss.

This third appeal followed.

## DISCUSSION

We begin with the scope and standard of review. Independent judicial review pursuant to *People v. Wende* (1979) 25 Cal.3d 436 is required only as to "a defendant's first appeal as of right." (*People v. Kelly* (2006) 40 Cal.4th 106, 119–120 (*Kelly*).) The procedure to resolve all future criminal appeals arising from proceedings other than the first appeal of right is outlined in *Serrano*: where appointed counsel finds no arguable issues, counsel will inform the court and file a brief setting forth the applicable facts and law. (*Serrano*, *supra*, 211 Cal.App.4th at p. 503.) The defendant must then be informed of his or her right to file a supplemental brief. (*Ibid.*) If the defendant files a supplemental brief, we must evaluate the specific arguments presented in that brief and issue a written opinion. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.)

Lopez's supplemental brief here presents three specific arguments challenging the denial of his second section 1473.7 motion. As resolution of this motion was based on documentary evidence (including exhibits filed by both Lopez and the People), we evaluate those arguments exercising our independent judgment to determine whether the facts establish prejudicial error under section 1473.7. (*People v. Vivar* (2021) 11 Cal.5th 510, 528 (*Vivar*).) Lopez's supplemental brief mentions section 1001.36, primarily in connection with his arguments concerning section 1473.7, and we address his argument about section 1001.36 as best as we can discern it.

### I. No Prejudicial Error Under Amended Section 1473.7

Lopez argues that he is entitled to relief under section 1473.7, as amended, based on prejudicial error affecting his ability to understand and defend against the adverse immigration consequences of his conviction. Lopez reasserts many of the same factual allegations that he raised and that were rejected in his 2019 motion and 2021 appeal. First, he contends that his trial counsel did not properly advise him of the immigration safe plea offered by the prosecution. As we explained in *People v. Lopez, supra*, A159355, however, the evidence showed no plea (immigration safe or otherwise) was ever offered. (See also *In re Alvernaz* (1992) 2 Cal.4th 924, 945 [rejecting petitioner's self-serving statement about plea bargain where insufficiently corroborated by independent, objective evidence].)

Lopez alternatively argues that, assuming there was no immigration safe plea, his trial counsel should have negotiated for one and the People should have offered one. Lopez offers no authority that supports this position. On the contrary, section 1016.3, subdivision (b) requires only that the prosecution "consider the avoidance of adverse immigration consequences in the plea negotiation process as one factor in an effort to reach a just resolution." Lopez has not shown that, but for his counsel's alleged incompetence, it was reasonably probable that he would have received an immigration safe plea. (*Vivar, supra*, 11 Cal.5th at p. 529 [applying reasonable probability standard to prejudicial error analysis].) Nor has Lopez presented any evidence that he had reason to expect or hope that an immigration safe plea could have been negotiated. (*Ibid.* [court should consider " 'evidence that would have caused *the defendant* to expect or hope a different bargain would or could have been negotiated' "].) Instead, citing the risk to public safety, the prosecution did not offer an immigration safe plea

6

and was only willing to discuss a misdemeanor stalking plea, which is not immigration safe. Discussions did not advance beyond a preliminary stage.

Lopez alleges next that his trial counsel did not sufficiently negotiate for or advise him of a possible misdemeanor stalking plea. Again, the prosecution never actually offered any plea to Lopez, and there is no basis to conclude it was reasonably probable that one would have been offered absent his trial counsel's purported error. Even if it was offered, it was not an immigration safe plea at the time and cannot support a determination that Lopez suffered prejudicial error.

Finally, Lopez contends that his counsel did not properly advise him of the law on stalking, which he characterizes as "virtually uncontestable," and the risk of his decision to go to trial, which he characterizes as "insurmountable" because of "harmful" and "exacerbated" witness statements. The evidence shows that trial counsel "advised [Lopez] of immigration consequences regarding the stalking" and "[a]t no point did [he] say anything other than [that a] stalking conviction will have severe immigration consequences that will be deportable."

Lopez's contentions regarding the weaknesses of his criminal case do not alter our section 1473.7 analysis. While Lopez understandably may have wanted "the opportunity to choose another disposition" that did not have adverse immigration consequences, the record reflects that such choices were not available to him. There is no evidence that he was deprived of immigration safe choices because of prejudicial error. We conclude Lopez failed to meet his burden to demonstrate, by a preponderance of evidence, that he was entitled to relief under section 1473.7.

7

## II.     Hearing on Second Section 1473.7 Motion

Lopez argues that the trial court deprived him of his right to a hearing on the merits.  Section 1473.7, subdivision (d) provides that all such motions "shall be entitled to a hearing."

Lopez claims that he missed the hearing because he believed it would start around 10:30 a.m., the same time as the hearing on the first motion. But Lopez filed his motion in pro. per. and noticed the motion for April 20 at 9:00 a.m.  We see no basis to reverse the ruling based on Lopez's unexcused failure to appear at the noticed time.  Nor is this a situation like *People v. Singh* (2022) 81 Cal.App.5th 147, which remanded the matter for further consideration because the trial court denied defendant's motion without addressing the merits.  (*Id.* at p. 154.)  Here, the trial court explained at the hearing that it had reviewed the extensive briefing, found no basis to vacate the conviction under section 1473.7, and denied the motion.  We conclude there was no error in deciding Lopez's motions when and as the trial court did.

## III.     First versus Second Section 1473.7 Motion

Lopez argues that the trial court was "biased" because it denied his first section 1473.7 motion.  He also argues the trial court was "more predisposed" to deny his second motion because the People's opposition incorrectly stated that the motion had already been heard twice before (instead of once).  Lopez also argues that the trial court misunderstood his second motion, which was not a rehash of the first motion but "incorporated new claims, clarified and reinforced old claims and introduced supporting case law and evidence that was not properly presented or available earlier."

We are not persuaded that any bias or misunderstanding existed here. We have exercised our independent judgment to conclude Lopez failed to

demonstrate he is entitled to relief under section 1473.7 on his second motion. (*Vivar*, *supra*, 11 Cal.5th at p. 528.) As described above, we agree with the trial court that Lopez relied on many of the same factual assertions in both motions and that the recent amendment to section 1473.7 does not change the outcome here. To the extent Lopez may have articulated new claims in his second motion (like the alleged failure of counsel to advise him on the law of stalking), we have rejected those claims.

Lopez has not cited any authority that alters our conclusion. In *Vivar*, for example, the defendant accepted a felony drug possession plea but was never advised by his counsel that the plea would warrant immediate deportation. (*Vivar*, *supra*, 11 Cal.5th at p. 522.) Unlike *Vivar*, the evidence here shows that Lopez's counsel advised him of the immigration consequences of a stalking conviction. In *Lafler v. Cooper* (2012) 566 U.S. 156, the defendant went to trial after declining plea deals despite initially expressing willingness to accept. (*Id*. at p. 161.) It was conceded that this decision was due to ineffective assistance of counsel during the plea negotiation process. (*Id*. at p. 166.) *In re Alvernaz* also involved a defendant who had rejected an offered plea and gone to trial. (*In re Alvernaz*, *supra*, 2 Cal.4th at p. 945 [concluding defendant failed to establish prejudice because evidence showed his decision to go to trial was motivated by persistent, strong, and informed hope for exoneration at trial].) Unlike *Lafler* and *Alvernaz,* the evidence here shows that Lopez was never offered any plea and there is nothing to support his claim that he should have received an immigration safe plea.

In sum, we conclude that the trial court did not err in denying Lopez's second section 1473.7 motion with prejudice.

## IV.     The Section 1001.36 Motion

The trial court concluded that Lopez's motion to dismiss pursuant to section 1001.36 had no basis. Lopez mentions section 1001.36 in his supplemental brief in passing, but he only argues that (1) he was denied a hearing because of confusion concerning the hearing time, and (2) he has been treating his mental health issues. We addressed Lopez's argument concerning why he missed the hearing above, and now turn to his remaining argument.

Section 1001.36 concerns California's pretrial diversion process for "individuals with mental disorders." (See § 1001.36, subd. (a).) Section 1001.36, subdivision (e), cited by Lopez, provides that "[a]t any stage of the proceedings, the court may require the defendant to make a prima facie showing that the defendant will meet the minimum requirements of eligibility for diversion and that the defendant and the offense are suitable for diversion." The provisions of that subdivision have no applicability to Lopez, given that the jury convicted him nearly a decade ago and his five-year probation term has ended.

A different subdivision explains that where a defendant "has performed satisfactorily in diversion, at the end of the period of diversion" the court "shall dismiss the defendant's criminal charges that were the subject of the criminal proceedings at the time of the initial diversion." (See § 1001.36, subd. (h).) Lopez did not cite subdivision (h) to the trial court or on appeal, but he did style his section 1001.36 motion as a "motion to dismiss." That said, subdivision (h) has no applicability here. The pretrial diversion program did not exist in its present form when Lopez was charged with stalking, and Lopez's efforts to treat his condition(s) do not provide a basis for his conviction to be dismissed.

## DISPOSITION

The judgment is affirmed.

_____

Markman, J.*

We concur:

_____

Stewart, P.J.

_____

Richman, J.

*People v. Lopez* (A165488)

      * Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.